IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No. 1:26-MJ-00189 (DJS) |
| | ) | |
| **v.** | ) | Stipulation and Order for Enlargement of Time |
| | ) | |
| **JESSICA BOWIE** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**STIPULATION**

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, and the defendant, JESSICA BOWIE, by and through counsel, Valerie Gotlib, hereby agree and stipulate that the time within which an indictment must be filed under Title 18, United States Code, Section 3161(b), be enlarged to and including sixty (60) days from the date of the signing of this Order and that such time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b).

1) The chronology of this case is as follows:

a) Date of complaint: August 20, 2026

b) Date of initial appearance: August 20, 2026

c) Defendant custody status: detained

d) Date United States moved for detention: August 20, 2026

e) Date of detention hearing:[1] August 20, 2026

---

[1] On August 20, 2026 an actual detention hearing was not held, rather, the defendant reserved her right to seek release upon motion to the court.

f) Date detention decision issued: August 20, 2026

g) Earlier enlargements of time and exclusions under the Speedy Trial Act: none.

2) The United States and the defendant request this exclusion based on the following facts and circumstances: on August 20, 2026, a one-count criminal complaint was filed against the defendant in the Northern District of New York. The complaint alleges that the defendant attempted to provide material support or resources to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B(a)(1). The government is planning on providing the defense with some informal discovery materials that will include investigative reports, social media communications, and consensual recordings, etc. The parties will use the requested additional time to review the investigative materials, conduct additional investigation as necessary, and explore plea negotiations.

3) The parties stipulate and agree that the ends of justice served by granting this extension outweigh the best interest of the public and the defendant in a speedy indictment and trial because (i) of the parties' need to review investigative materials, further investigate the case, and explore plea negotiations; and (ii) it is unreasonable to expect the defense team to be prepared to defend this case during the initial stages of the investigation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iii), (iv).

4) The parties stipulate and agree that a period of sixty (60) days, from the date of the signing of this Order, shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iii), (iv).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: August 24, 2026

TODD BLANCHE
Attorney General

JOHN A. SARCONE III
First Assistant United States Attorney

By: /s/ *Richard Belliss*
Richard Belliss
Joseph Hartunian
Assistant United States Attorneys
Bar Roll Nos. 515295 & 704398

/s/ *Valerie Gotlib*
Valerie Gotlib, Esq.
Attorney for JESSICA BOWIE
Bar Roll No. 707741

# ORDER

A. The Court adopts the stipulated facts set out above as findings and hereby incorporates them into this Order;

B. The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether an extension of time within which the government must file an information or indictment serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. The Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iii), (iv), the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy indictment and trial because (i) of the parties' need to review investigative materials, further investigate the case, and explore plea negotiations; and (ii) it is unreasonable to expect the defense team to be prepared to defend this case during the initial stages of the investigation, taking into account the exercise of due diligence.

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS, IT IS HEREBY ORDERED that the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and including sixty (60) days from the date of this Order, and that time be excluded pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), because the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial for the reasons stipulated above.

IT IS SO ORDERED.

Dated and entered this ________ day of August, 2026.

____________________________
Hon. Daniel J. Stewart
U.S. Magistrate Judge